IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARK THOMPSON,                          §
                                        §
                Plaintiff,              §
                                        §
V.                                      §          1-15-CV-116  RP
                                        §
AEROTEK, INC.,                          §
                                        §
                Defendant               §

## ORDER

Before the Court is Defendant's Rule 12(c) Motion for Judgment on the Pleadings, filed May 20, 2015 (Clerk's Dkt. #10).  Having considered the motion, record in the case, and the applicable law, the Court issues the following order.

## I. BACKGROUND

Plaintiff Mark Thompson ("Thompson") originally filed this action in Texas state court, naming as sole defendant Aerotek, Inc. ("Aerotek").  Defendant thereafter removed the action to this court.

In his original state court petition, filed March 1, 2013, Plaintiff alleges he was employed by Aerotek from April 4, 2011 until May 26, 2011.  Plaintiff states he is an African American male.  He further states Aerotek's "On-Premise Manager" terminated his employment wrongfully and without cause.  According to Plaintiff, Aerotek "created a hostile work environment frequently using racial slurs, and stereotypes regarding blacks and ethnic minorities." (Orig. Pet. ¶¶ 6-9).  Plaintiff asserts claims for racial discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA"), codified at Chapter 21 of the Texas Labor Code, and for intentional infliction of emotional distress.  (*Id*. ¶¶ 14-18).

Defendants have now filed a motion for judgment on the pleadings, arguing: (1) Plaintiff's claim for intentional infliction of emotional distress fails as duplicative of his other claims; (2)

Plaintiff's discrimination claim is barred by the statute of limitations; and (3) Plaintiff cannot assert a claim of a hostile work environment as he did not exhaust his administrative remedies regarding such a claim.

## II.  STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  The Fifth Circuit applies the same standard to a motion under Rule 12(c) as it does for a motion under Rule 12(b)(6).  *Id.*, at 313 n.8; *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 1974.  The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  The standard is properly guided by "[t]wo working principles."  *Id*.  First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.  Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id*. (quoting FED. R. CIV. P. 8(a)(2)).[1]

### III.  ANALYSIS

### A.     Intentional Infliction of Emotional Distress

Defendant first argues  Plaintiff's claim for intentional infliction of emotional distress fails as it is duplicative of his other claims.  The Texas Supreme Court has made clear that the tort of intentional infliction of emotional distress is "a 'gap-filler' tort that should not be extended to circumvent the limitations placed on the recovery of mental anguish damages under more established tort doctrines."  *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)).  *See also Creditwatch v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) (tort of intentional infliction of emotional distress merely "gap-filler" not intended to supplant existing statutory or common-law

---

[1]  Plaintiff's response to the motion for judgment on the pleadings was due on June 3, 2015.  *See* W.D. Tex. Local R. CV-7(e) (response to dispositive motion due not later than fourteen days after filing of motion).  To date, Plaintiff has not filed any response.  Thus, pursuant to Local Rule CV-7(e), the motion may be granted as unopposed if review of the pleadings reveals that Plaintiff has failed to state a claim upon which relief can be granted.  *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (noting disapproval of automatic grant of dispositive motion for failure to comply with local rules).

remedies).  Thus, where the gravamen of the complaint is really another tort, intentional infliction

of emotional distress is not available as a cause of action.  *Moser v. Roberts*, 185 S.W.3d 912, 916

(Tex. App.–Corpus Christi 2006, no pet.).

In support of his claim for intentional infliction of emotional distress, Thompson cites to the

same allegations he cites as supporting his discrimination claim.  He asserts those allegations

constitute "extreme and outrageous" conduct which resulted in mental health and emotional

problems.  (Orig. Pet. ¶¶ 16-18).  Because he cites the same facts in support of his other claims,

Texas law bars his claim for intentional infliction of emotional distress.  *See Udoewa v. Plus4 Credit*

*Union*, 457 F. App'x 391, 392 (5th Cir. 2012) (district court correctly concluded because allegations

underlying intentional infliction of emotional distress claim are same as those underlying federal

civil rights and state-law defamation claims, intentional infliction of emotional distress claim fails);

*Judy Chou Chiung-Yu Wang v. Prudential Ins. Co.*, 439 F. App'x 359, 366 (5th Cir. 2011) (plaintiff

who could and did bring other tort and employment claims had "no gap to fill" and could not bring

claim of intentional infliction of emotional distress); *Hoffman-LaRoche*, 144 S.W.3d at 441 (when

gravamen of complaint is sexual harassment, plaintiff must proceed solely under statutory claim

"unless there are additional facts, unrelated to sexual harassment, to support an independent tort

claim for intentional infliction of emotional distress"); *Pruitt v. Int'l Ass'n of Fire Fighters*, 366 S.W.3d

740, 750 (Tex. App.–Texarkana 2012, no pet.) (intentional infliction of emotional distress based on

same facts as racial discrimination complaint pre-empted by Chapter 21 of Texas Labor Code).

Accordingly, Defendant is entitled to dismissal of this claim.

**B.      Employment Discrimination**

Defendant also moves to dismiss Plaintiff's discrimination claim under the TCHRA as barred

by the applicable statute of limitations.  Dismissal of a claim under Rule 12(b)(6) as barred under

the applicable statute of limitations is proper where it is evident from the plaintiff's pleadings that

the action is barred and the pleadings fail to raise some basis for tolling. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (dismissing where amended complaint failed to allege or even remotely suggest plaintiffs were not aware of discrimination during their employment). *See also Kansa Reinsurance v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing claim as time barred where claim was clearly filed after applicable limitations statute had run and it was evident from pleadings that plaintiff was not entitled to benefit of discovery rule).

A claim under the TCHRA is subject to a two year statute of limitations. TEX. LABOR CODE ANN. § 21.256. *See In re United Services Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (two-year period for filing suit under TCHRA is mandatory but not jurisdictional). The limitations period commences on the filing of an administrative complaint. TEX. LABOR CODE ANN. § 21.256 (civil action may not be brought later than second anniversary of date complaint relating to action is filed). *See* TEX. LABOR CODE ANN §§ 21.201-.211 (setting forth administrative review process).

In this case, Thompson filed his administrative complaint on November 16, 2011. (Def. Mot. Ex. 1).[2] He filed this action in Texas state court on March 1, 2013, within the two year limitations period. Defendant, however, points out Plaintiff did not serve Aerotek until January 8, 2015. (Not. of Remov. Ex. 2).

The Texas Supreme Court "long ago established the rule that the mere filing of a suit will not interrupt or toll the running of a statute of limitation; that to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required." *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970). *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (to "bring suit" within limitations period, plaintiff must not only file timely, but must also use diligence to have the defendant served with process). When a plaintiff files a petition within the limitations

---

[2] In determining a motion to dismiss, courts must consider the complaint as well as "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (documents that defendant attaches to motion to dismiss are considered part of pleadings if they are referred to in plaintiff's complaint and are central to her claim).

period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service.  *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975).  "The diligence that must be shown by the plaintiff is the same as that which would have been exercised by an ordinarily prudent person under the same or similar circumstances." *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1113 (5th Cir. 1981). While the reasonableness of a plaintiff's delay in procuring the issuance and service of citation is usually a question of fact, Texas cases make clear that an unexplained delay of even several months demonstrates as a matter of law that the plaintiff lacked diligence in obtaining the issuance and service of process.  *Id*. at 1113-14.  *See also Saenz v. Keller Indus. of Tex. Inc.*, 951 F.2d 665, 667 (5th Cir. 1992) ("a lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence").

In this case, Plaintiff filed suit within the two year limitations period, but did not serve Defendant until some twenty-two months later, and more than eighteen months after expiration of the statute of limitations.  Plaintiff has provided no explanation for this lengthy delay.  *See Moore v. Arco Chem. Co.*, 19 F.3d 15 (5th Cir. 1994) (when defendant pleads limitations and record shows failure to timely serve defendant, burden shifts to plaintiff to explain delay and to prove due diligence in serving defendant); *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (same). Under Texas law, such a lengthy, unexplained delay constitutes a lack of diligence as a matter of law.  *See, e.g., Waggoner v. Sims*, 401 S.W.3d 402, 406 (Tex. App.–Texarkana 2013, no pet.) (plaintiff who took no actions to obtain service for nine months following expiration of  limitations period failed to exercise due diligence as matter of law); *Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.–El Paso 2011, no pet.) (affirming summary judgment based on limitations when plaintiff failed to explain three-month delay between end of limitations and service); *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.–Dallas 2009, no pet.) (holding suit barred by limitations when plaintiff

failed to explain thirty-one day delay between expiration of limitations and service).  Accordingly, Plaintiff's claim of racial discrimination under the TCHRA is barred by the statute of limitations.

## C.      Hostile Work Environment

Defendant finally moves to dismiss Plaintiff's claim of a hostile work environment.[3] Defendant maintains the claim is not properly before this court because Plaintiff did not include this claim in his administrative complaint.

"A plaintiff alleging workplace discrimination must exhaust his administrative remedies" before bringing suit under the TCHRA.  *Castro v. Texas Dep't of Criminal Justice*, 541 F. App'x 374, 379 (5th Cir. 2013).  *See Hoffmann-La Roche*, 144 S.W.3d at 446 ("exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the [T]CHRA").  To bring a suit for unlawful employment practices, a plaintiff must first have filed an administrative complaint with the Texas Commission on Human Rights or the Equal Employment Opportunity Commission ("EEOC").  *Marquis v. Omniguide, Inc*., 714 F.  Supp.  2d 640, 644 (N.D. Tex. 2010); *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App.–Houston [14th Dist.] 2002, no pet.). "If a complainant fails to exhaust his state administrative remedies, the [TCHRA] jurisdictionally bars this court from hearing the case.*" Jones v. Grinnell Corp.*, 235 F.3d 972, 975 (5th Cir. 2001).

As Defendant acknowledges, Plaintiff filed an administrative complaint with the EEOC. Defendant argues Plaintiff's claim based on a hostile work environment is nonetheless barred because he did not raise it In the administrative complaint.

In his administrative complaint, Plaintiff alleges he complained to his supervisor that a coworker was causing him to be delayed in returning to work form break or meal time.  Plaintiff further alleges, on May 26, 2011, the coworker started shouting loudly when Plaintiff requested the

---

[3]  As Defendant points out, it is not entirely clear that Plaintiff is asserting a claim of a hostile work environment separate from his claim of employment discrimination based on race.  Nonetheless, in an abundance of caution, the Court will address the issue as if Plaintiff has asserted such a claim.

coworker cease interfering. Plaintiff states his employment was terminated the following day, without allowing him time to explain.  Plaintiff finally states:

> I am aware of others, specifically, white, who have been accused of provoking a fight in the workplace, who have yet to be terminated by Aerotek.  I feel that I have been discriminated against because of race - Black.

> I believe I was discriminated against based on my race (black), which is in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act, as amended.

(Def. Mot. Ex. 1).

The "scope" of a plaintiff's judicial complaint "is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 274 (5th Cir. 2008) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir.1970)).  A plaintiff's administrative charge is to be read "broadly, in a fact-specific inquiry into what EEOC investigations can reasonably be expected to trigger." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).   In sum, the lawsuit may include allegations "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the [EEOC]." *McClain*, 519 F.3d at 273.

In his state court petition Plaintiff alleges Aerotek "created a hostile work environment frequently using racial slurs, and stereotypes regarding blacks and ethnic minorities."  (Orig. Pet. ¶ 9).  His administrative complaint, however, does not include any reference to racial slurs, stereotypes or other harassing behavior.  The failure to include such allegations in his administrative complaint renders his claim based on a hostile work environment unexhausted, and thus outside the jurisdiction of this court. *See Mitchell v. U T L X Mfg., L.L.C.*, 569 F. App'x 228, 231 (5th Cir. 2014) (district court correctly dismissed hostile work environment claim as unexhausted where plaintiff raised only race discrimination and retaliation claims before EEOC); *Walton–Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012) (district court did not err in dismissing hostile environment claim where EEOC complaint did not allege "the existence of a

hostile work environment based on a protracted history of age-related verbal harassment").

Accordingly, this claim is properly dismissed.

### IV.  CONCLUSION

The Court hereby **GRANTS** Defendant's Rule 12(c) Motion for Judgment on the Pleadings

(Clerk's Dkt. #10) and dismisses Plaintiff's claims with prejudice.

**SIGNED** on June 17, 2015.


ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE