IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-116 RP |
| | § | |
| AEROTEK, INC., | § | |
| | § | |
| Defendant | § | |

**ORDER**

Before the Court are Plaintiff's Motion for New Trial, filed July 17, 2015 (Clerk's Dkt. #13); and Defendant's Response to Plaintiff's Motion for New Trial, filed July 30, 2015 (Clerk's Dkt. #14).

I.

By way of this action, Plaintiff asserted claims against his former employer, Aerotek, Inc. ("Aerotek"). Plaintiff is an African American male. He alleged Aerotek terminated his employment wrongfully and without cause, and that Aerotek created a hostile work environment by permitting employees to frequently use racial slurs, and stereotypes regarding blacks and ethnic minorities. Plaintiff asserted claims for racial discrimination in violation of Texas law, as well as for intentional infliction of emotional distress.

On May 20, 2015, Defendant moved for judgment on the pleadings, arguing: (1) Plaintiff's claim for intentional infliction of emotional distress failed as duplicative of his other claims; (2) Plaintiff's discrimination claim was barred by the statute of limitations; and (3) Plaintiff could not assert a claim of a hostile work environment as he did not exhaust his administrative remedies regarding such a claim. Plaintiff did not file a response to the motion. By order dated June 17, 2015, the Court granted the motion, after full review of the merits. Plaintiff has now filed a motion for new trial, challenging the Court's ruling.

II.

There are two rules of procedure which permit a litigant to seek relief from a judgment. Rule 59(e) allows a party to move to "alter or amend a judgment," while Rule 60(b) allows a court to "relieve a party . . . from final judgment" for specific enumerated reasons. *Compare* FED. R. CIV. P. 59(e), *with* FED. R. CIV. P. 60(b). The question of whether Rule 59 or Rule 60 applies to a motion "turns on the time at which the motion is served." *Sentry Select Ins. Co. v. Home State Cnty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). "If the motion is served within [the window provided by Rule 59(e)], the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id*. Rule 59(e) motions may be filed "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Plaintiff filed his motion thirty days after the Court entered judgment. Accordingly, his motion is properly considered under Rule 60

Rule 60 identifies six grounds for relief from a final judgment, namely:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

III.

Plaintiff does not address any of the six grounds for relief available under Rule 60. In fact, Plaintiff's basis for seeking relief is not precisely clear. In his motion, he states his manager and supervisor were aware of the hostile work environment, but took no action to resolve the problem. Plaintiff also states he attempted to contact Defendant a number of times, Defendant was aware

that Plaintiff had a "right to sue" letter from the EEOC, but Defendant did not respond to Plaintiff until "[a]fter an over-excessive period of time." (Mot. for New Trial at 2).

The Court notes Plaintiff is proceeding pro se in this action. His pleadings are thus afforded a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (document filed pro se is to be liberally construed); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (noting courts have a "traditional disposition of leniency toward pro se litigants"). Plaintiff's pleading suggests he is asserting he actually encountered discrimination in the workplace, and any potential untimeliness in asserting his claims is in part the fault of Aerotek. Read generously, Plaintiff's arguments at best fit into the language of Rule 60(b)'s final catch-all provision, permitting relief for "any other reason that justifies relief." *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (Rule 60(b)(6) "is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions").

However, although Rule 60(b)(6) provides a "grand reservoir of equitable power," courts are to exercise this power sparingly, granting relief only in "extraordinary circumstances." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 501 (5th Cir. 2015). As noted above, Plaintiff did not file a response to Defendant's motion for judgment on the pleadings. Both the certificate of service for the motion, as well as affidavit testimony from counsel for Aerotek, establish Plaintiff received the motion. (Def. Mot. for Jt at 11; Def. Resp. Ex. 1 ¶ 2). To the degree Plaintiff is now asserting arguments in opposition to Defendant's motion, he has not shown why he failed to assert those in a timely response to the motion. For this reason alone, relief under Rule 60(b) is not warranted. *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (Rule 60(b)(6) requires a showing of "manifest injustice" and will not be used to relieve a party from the "free, calculated, and deliberate choices he has made").

Moreover, even if Plaintiff's arguments were considered, they fall short of showing Defendant was not properly granted judgment on the pleadings. As noted above, Defendant

argued Plaintiff's claims failed because: (1) his claim for intentional infliction of emotional distress is duplicative of his other claims; (2) his discrimination claim is barred by the statute of limitations; and (3) he did not exhaust his administrative remedies regarding a claim of a hostile work environment.

As to the first claim, Plaintiff does not even address it, let alone show error in the Court's agreement with Defendant's argument. *See Udoewa v. Plus4 Credit Union*, 457 F. App'x 391, 392 (5th Cir. 2012) (district court correctly concluded because allegations underlying intentional infliction of emotional distress claim are same as those underlying federal civil rights and state-law defamation claims, intentional infliction of emotional distress claim fails); *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co.*, 439 F. App'x 359, 366 (5th Cir. 2011) (plaintiff who could and did bring other tort and employment claims had "no gap to fill" and could not bring claim of intentional infliction of emotional distress); *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 441 (Tex. 2004) (when gravamen of complaint is sexual harassment, plaintiff must proceed solely under statutory claim "unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for intentional infliction of emotional distress"); *Pruitt v. Int'l Ass'n of Fire Fighters*, 366 S.W.3d 740, 750 (Tex. App.–Texarkana 2012, no pet.) (intentional infliction of emotional distress based on same facts as racial discrimination complaint pre-empted by Chapter 21 of Texas Labor Code).

As to Plaintiff's second claim, the Court found dismissal was proper because Plaintiff's claim was barred by the two year statute of limitations applicable to his state law claim of employment discrimination. The Court found Plaintiff had filed suit within the two year limitations period, but did not serve Defendant until some twenty-two months later, and more than eighteen months after expiration of the statute of limitations.

For the first time in his motion for new trial, Plaintiff suggests Defendant was somehow aware of his suit based on his numerous attempts to contact Defendant. (Mot. for New Trial at 2).

But Plaintiff still has not explained his failure to timely serve Defendant with his lawsuit, as is required by law. His failure to show due diligence provides ample basis for dismissal of his claim as barred by the statute of limitations. *See Moore v. Arco Chem. Co.*, 19 F.3d 15 (5th Cir. 1994) (when defendant pleads limitations and record shows failure to timely serve defendant, burden shifts to plaintiff to explain delay and to prove due diligence in serving defendant); *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (same). *See also Waggoner v. Sims*, 401 S.W.3d 402, 406 (Tex. App.–Texarkana 2013, no pet.) (plaintiff who took no actions to obtain service for nine months following expiration of limitations period failed to exercise due diligence as matter of law); *Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.–El Paso 2011, no pet.) (affirming summary judgment based on limitations when plaintiff failed to explain three-month delay between end of limitations and service); *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.–Dallas 2009, no pet.) (holding suit barred by limitations when plaintiff failed to explain thirty-one day delay between expiration of limitations and service).

As to Plaintiff's final claim of a hostile work environment, Plaintiff alleged in his petition that Aerotek "created a hostile work environment frequently using racial slurs, and stereotypes regarding blacks and ethnic minorities." (Orig. Pet. ¶ 9). His administrative complaint, however, did not include any reference to racial slurs, stereotypes or other harassing behavior. The failure to include such allegations in his administrative complaint renders Plaintiff's claim based on a hostile work environment unexhausted, and thus outside the jurisdiction of this court. *See Mitchell v. U T L X Mfg., L.L.C.*, 569 F. App'x 228, 231 (5th Cir. 2014) (district court correctly dismissed hostile work environment claim as unexhausted where plaintiff raised only race discrimination and retaliation claims before EEOC); *Walton–Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012) (district court did not err in dismissing hostile environment claim where EEOC complaint did not allege "the existence of a hostile work environment based on a protracted history of age-related verbal harassment"). In his motion for new trial, Plaintiff fails to argue, let alone establish, any error

in the Court's dismissal of his hostile work environment for failure to exhaust administrative remedies. Accordingly, Plaintiff has not shown the "extraordinary circumstances" necessary to merit relief under Rule 60.

IV.

The Court hereby **DENIES** Plaintiff's Motion for New Trial (Clerk's Dkt. #13).

**SIGNED** on August 19, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE